IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>      Plaintiff,<br><br>    v.<br><br>SANDRA R. TELL, Individually and d/b/a Tell Rentals Inc.; TELL RENTALS, INC.; JAMES L. TELL, JR.,<br><br>      Defendants. | 2:11-cv-02303-GEB-EFB<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

        The status (pretrial scheduling) conference scheduled for hearing on November 14, 2011, is vacated since the parties' Joint Status Report filed on October 31, 2011 ("JSR") indicates the following Order should issue.

### SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

        No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court for good cause shown.

### DISCOVERY

        All discovery shall be completed by January 11, 2013. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with

or, alternatively, the time allowed for such compliance shall have expired.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before August 10, 2012, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before September 10, 2012.

## MOTION HEARING SCHEDULE

The last hearing date for a motion is March 11, 2013, commencing at 9:00 a.m.[1] A motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for May 13, 2013, at 11:00 a.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

---

[1] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference.[2] The joint pretrial statement shall specify the issues for trial, including a description of each theory of liability and affirmative defense, and shall estimate the length of the trial.[3] The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

<u>TRIAL SETTING</u>

Trial shall commence at 9:00 a.m. on August 13, 2013.

IT IS SO ORDERED.

Dated: November 7, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[2] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order. In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[3] If a trial by jury has been preserved, the joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.

3